UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-mj-00411-DSC-RJC

| | |
|---|---|
| USA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FRAUSTO ANTONIO LOPEZ, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon the government's Notice of Appeal, (Doc. No. 7), of the release order of a magistrate judge in the District of Arizona issued December 5, 2017, (Case No. 4:17-mj-1738). For the reasons stated below, the Court will revoke the release order and detain the defendant pending trial.

The defendant was charged by a Complaint filed on November 30, 2017, for conspiring to distribute more than 500 grams of mixture and substance containing methamphetamine based on a 1 kilogram drug deal with a confidential informant in July 2017. (Doc. No. 3). According to the Complaint, the defendant told the confidential informant that he brokers shipments of methamphetamine from his source of supply in Los Angeles, California, to various customers around the country. (Id., Affidavit at 2). According to the Pretrial Services Report, the defendant was on bond for two counts of aggravated assault with a deadly weapon, felony possession of marijuana, and felony possession of drug paraphernalia at the time of the alleged offense. The defendant was subsequently convicted of the drug offenses on September 27, 2017, and is serving a sentence of three years' probation. (Id.). The defendant admits daily marijuana use and suffers from anxiety. (Id.). The defendant was arrested based on the Complaint in the District of

Arizona and ordered released over the recommendation of the United States Probation Office and the objection of the government. The order was stayed 24 hours pending this appeal.

Title 18, United States Code, Section § 3145 provides that when a defendant is ordered released by an out-of-district judge, the court having original jurisdiction over the offense may review the release order. A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release order. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

Following a de novo review, the Court will revoke the magistrate judge's release order. Most significantly, the defendant was on bond for serious felony charges involving violence and drugs during the time he is alleged to have arranged a 1 kilogram methamphetamine shipment. 18 U.S.C. § 3142(g)(3)(B). According to the government's motion, the defendant directed additional drug trafficking though recorded calls with a confidential informant, leading to the attempted delivery of 2 kilograms of methamphetamine on November 30, 2107. (Doc. No. 7 at 3). 18 U.S.C. § 3142(g)(2). Thus, the defendant was on probation for felony offenses at the time of that alleged conduct. 18 U.S.C. § 3142(g)(3)(A). The charged offense triggers a rebuttable presumption of detention, 18 U.S.C. § 3142(e)(3)(A), and the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released.

**IT IS, THEREFORE, ORDERED** that the District of Arizona magistrate judge's release order is **REVOKED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, the United States Probation Office, and the Clerk of Court for the District of Arizona.

Signed: December 6, 2017

Robert J. Conrad, Jr.
United States District Judge